## Coolidge, *et al.*, *v.* Burnes.

Slave contract—*warranty.* Where a bill of sale of four negroes contained a covenant of *warranty* that the negroes were "slaves for life and sound in body and mind," the *vendee* and his *assignee* are the only persons who have a right of action for breach of the warranty.

Where a bill of exchange for the consideration of negroes is drawn by the vendee upon C. & Son, payable to the vendor, as there is no assignment to the drawees of the bill of sale, and the latter have no interest in the negroes, the drawees can not avail themselves of the defense of failure of consideration arising from the subsequent emancipation of the slaves.

The *vendee,* when sued on the bill of exchange, may avail himself of any breach of the warranty, even as against the assignee of the bill of exchange.

Recoupment. It is well settled that a defendant can only recoup damages sustained by him growing out of the contract sought to be enforced.

The drawees in this case, not being parties to the contract of sale, and not having any interest in the negroes, can not recoup for damages arising from a total or partial failure of the consideration of the bill of sale.

*Appeal from Phillips Circuit Court.*

Hon. James M. Hanks, Circuit Judge.

Garland & Nash, for appellants.

The second and third pleas set up, in different shape, the freeing of the negroes, and therefore the consideration on

which the drafts were based failed, and we presume nothing more is needed to show the court that they were good, and the demurrer to them should not have been sustained, than to cite *section* 14, *article* 15, (miscellaneous provisions,) *new Constitution.*

The fourth plea was unquestionably good, as a plea of partial failure of consideration. *Desha v. Robinson,* 17 *Ark.,* 228; *Rotan v. Nichols,* 22 *ib.,* 248; *Turner v. Huggins,* 14 *Ark.,* 21. The demurrer to this plea was improperly sustained.

After the court sustained the demurrer to the fourth plea, certainly they would use this matter by way of recoupment— that is, by keeping back so much of the purchase money to be paid as this unsoundness amounted to, and it was perfectly legitimate for them to do so. *Pillsbury v. McNally,* 22 *Ark.,* 409; *Tatum v. Mohr,* 21 *ib.,* 353; *McClure v. Hart,* 19 *ib.,* 119; *Brunson v. Martin,* 17 *Ark.,* 270; *Key. v. Henson, ib.,* 254; *Desha v. Robinson, ib.,* 245; *Robinson v. Mace,* 16 *ib.,* 97; *Sedgwick Measure of Damages,* (2d ed.,) *p.* 429, *et seq.* The court below then erred in not allowing Coolidge to defend in this plea.

WILSHIRE, C. J.

In this case Samuel L. Burnes, who sued for the use of Garrison Bush, brought an action of assumpsit in the Phillips circuit court, at the June term, 1866, against Henry P. Coolidge and Charles B. Coolidge, partners under the name and style of H. P. Coolidge & Son, on two bills of exchange, drawn by one Alexander G. Clements, on and accepted by H. P. Coolidge & Son, bearing date October 10, 1860, and payable to Isaac Gregg and William Witherspoon, by their firm name and style of Gregg & Witherspoon—the first for $1,500, with interest at 8 per cent., at thirteen months; the second for $1,825, with the same rate of interest, on the 25th day of December, 1861, which were, subsequently, indorsed by Gregg & Witherspoon to Samuel L. Burnes & Co.

The appellants interposed, in the court below, four pleas: 1st. A plea of non-assumpsit. 2d. That the bills of exchange,

sued on, were given for the purchase money of certain negroes, sold by Gregg & Witherspoon to Clements, who were warranted to be sound in body and mind and to be slaves for life ; that, by the proclamation of the President of the United States, of the 1st day of January, 1863, said negroes were declared to be free, and were free and no longer slaves, and that the consideration for which the bills of exchange were executed, thereby wholly failed. The third plea, alleging a failure of consideration, differs from the second plea only in the allegation that the negroes, before the payment of the purchase money therefor, were emancipated and declared free and no longer slaves, by the acts of Congress and the Constitution of the State of Arkansas, and thereby the consideration for which said bills of exchange were executed and accepted wholly failed. The fourth plea alleges a partial failure of consideration, namely, that the bills of exchange were drawn by Clements on and accepted by Coolidge & Son, payable to Gregg & Witherspoon, for the consideration of four certain negroes, named, respectively, Aleck, Judy, Dock and Delia, sold by Gregg & Witherspoon to Clements, and that Gregg & Witherspoon covenanted with Clements that the negroes were each sound in body and mind, and were slaves for life, and averred that one of said negroes—the boy Dock—of great value, to wit : of the value of fifteen hundred dollars, was so much diseased and unsound in body as to be of very little value, and that thereby the consideration for which said bills of exchange were executed by Clements, and accepted by Coolidge & Son, had partially failed, &c.

There was issue taken to the first plea, and the appellee, Burnes, demurred to the second, third and fourth pleas, which demurrer the court below sustained ; whereupon the appellants plead an additional plea of recoupment, based upon the unsoundness of one of the negroes, as alleged in their fourth plea ; to which additional plea the appellee demurred, and the demurrer thereto was sustained by the court below. The appellants thereupon, by leave of the court, withdrew their plea of non-assumpsit, and judgment of *nil dicit* was rendered for the appellee, and his damages assessed by the court at $5,099,$\frac{61}{100}$, and judgment

rendered in favor of the appellee against the appellant for that sum, and interest thereon at eight per cent. and costs, and the defendant appealed to this court, and assigns as error:

That the court below erred in sustaining the demurrer of the appellee to the second, third, fourth and fifth pleas interposed by the appellants.

The ruling of the court below, upon the demurrers to the appellants' second, third, fourth and fifth pleas are the only matters relied upon in this court by counsel for the appellants.

To determine the question presented by the action of the court below, complained of, we must examine the several pleas reached by the demurrers, and arrive at the effect the matters they contain have on the rights of the parties to this cause. The second, third and fourth pleas, of the appellants, allege that Gregg & Witherspoon, on the 10th of October, 1860, sold to Clements four negroes, and warranted them to be slaves for life, and that the bills of exchange were drawn by Clements on the appellants, and by them accepted, payable to Gregg & Witherspoon, in consideration of the negroes sold by Gregg & Witherspoon to Clements, and for no other consideration, and allege that the negroes were emancipated and set free by the proclamation of the President of the United States, and by act of Congress, and the Constitution of the State of Arkansas. These pleas do not allege that the appellants were parties or privy to the sale by Gregg & Witherspoon to Clements, and there is nothing appearing in the record of this case to show, or from which we can infer, that the appellants had or were to have any interest in the negroes sold to Clements, nor do the appellants allege that the bill of sale of the negroes, containing the covenant of warranty, executed by Gregg & Witherspoon to Clements, was assigned to them. Gregg & Witherspoon made their covenant of warranty—that the negroes were slaves for life, &c., with Alexander G. Clements, and he, or his assignees of the warranty, are the only ones that can complain of the breach of that covenant. From the facts alleged in the appellants' second, third and fourth pleas, we can come to no

other conclusion than that the acceptance of the appellants of the bills of exchange drawn by Clements upon them, payable to Gregg & Witherspoon, or order, was upon the solvency of Clements, or on funds belonging to him in their hands, and not upon the security of the property or negroes sold by Gregg & Witherspoon to Clements. The appellants were not the purchasers of the negroes, nor do they pretend or claim that the covenant of warranty that the negroes were "slaves for life, and sound in body and mind," was ever assigned to them by Clements, the covenantee, or that they ever had any interest in the negroes. Then they lost nothing by the breach of the warranty in any particular, and hence they had no right to complain of the breach of the covenant. Suppose that Clements, instead of paying Gregg & Witherspoon for the negroes by his drafts upon the appellants, had drawn the same bills of exchange payable to his own order, and indorsed them to a bank, and thereby procured the money and paid Gregg & Witherspoon for the negroes, and the appellants had accepted the drafts, as they did in this case, would it be contended that they could, when sued upon their acceptance, avail themselves of any breach of warranty from Gregg & Witherspoon to the drawer of these drafts? We think not. Clements, if sued as the drawer of the bills of exchange, could avail himself, under our statute, of any breach of the covenant of warranty that may have occurred, though the collection of the bills of exchange may be sought to be enforced by the assignee of Gregg and Witherspoon.

As to the fifth or additional plea of recoupment, interposed by the appellants, we fully recognize the doctrine, as held in the cases of *Rotan v. Nichols*, 22 *Ark.*, 247 ; *Tatum v. Mohr*, 21 *Ark.*, 349 ; *Robinson v. Mace*, 16 *Ark.*, 97, and *Brunson v. Martin*, 17 *Ark.*, 270 ; and had the appellants been parties to the contract between Gregg & Witherspoon and Clements, and had any interest in the negroes purchased by Clements, or had they purchased the negroes and taken an assignment of the bill of sale containing the covenant of warranty from Clem-

ents, then they might have put themselves in a position to be damaged by a breach of the covenant of warranty ; but, as we have said in regard to the second, third and fourth pleas, the covenant run from Gregg & Witherspoon to Clements, and he, as appears by the record in this case, is the only one entitled to. complain of the breach of the covenant of warranty. It is well settled that a defendant can only recoup damages sustained by him growing out of the contract sought to be enforced. It is not claimed by the appellants, or alleged in their plea of recoupment, that Clements perpetrated any fraud upon them in procuring their acceptance of the bills of exchange, nor do they set up any defense that they would have been entitled to in case Clements had brought suit upon the bills of exchange against them as acceptors. The counsel for the appellants dwell on the facts alleged in the several pleas, that the negroes warranted by Gregg & Witherspoon to Clements, to be slaves for life, had been emancipated and set free by the proclamation of the President of the United States, and acts of Congress, and the Constitution of the State of Arkansas. We do not think it necessary to discuss this question, for the reasons already given. We think it has no bearing on the rights of. the parties in the cause. Discovering no error in the record, the judgment of the circuit court is, therefore, in all things affirmed.